UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL JOSEPH WEIR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-517** |
| **DEPARTMENT OF CORRECTIONS, ET AL.** | **SECTION "F"(5)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.  Factual Summary**

The plaintiff, Paul Joseph Weir, is currently housed in the Rayburn Correctional Center in Angie, Louisiana. The plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983 against numerous officials at the Dixon Correctional Institute (DCI) where he was incarcerated at the time of the alleged incidents. The named defendants include

---

[1]The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. The application for pauper status is deferred to the Middle District of Louisiana for determination and collection under Title 28 U.S.C. § 1915.

the Department of Corrections, Assistant Warden James Stevens, Lt. Colonel Killborne, Assistant Warden Janet Lorena, Department of Corrections Secretary James M. LeBlanc, Warden Steve Rader, Paul Payne, Lt. Colonel Brumfield, Keith Turner, and Chris Fontenot. Plaintiff complains that he was coerced to provide portraits as political gifts, but never paid for his services; that he was not protected from assault and battery in DCI, that he has been subjected to improper disciplinary measures without due process, and that he was transferred from DCI in retaliation. (Rec. Doc. No. 1, Complaint). He seeks monetary compensation and injunctive relief.

## II. General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue is determined under Title 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III. Proper Venue

Plaintiff alleges a cause of action arising from events occurring in the Dixon Correctional Center in Jackson, Louisiana, which is located in E. Feliciana Parish. The named defendants also

may be found there as well. E. Feliciana Parish is located within the boundaries of the Middle District of Louisiana. Title 28 U.S.C. § 98(b). Plaintiff does not allege any legal or factual basis to maintain venue in the Eastern District of Louisiana. Therefore, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Middle District of Louisiana for further consideration.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this ___25th___ day of _____February_____, 2010.

                              **ALMA L. CHASEZ**
                          **UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.